# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

**ALTAGRACIA PAULINO and MILEDY PAULINO PERALTA,**
           Plaintiff,

     v.                             **CIVIL ACTION**
                                      No. 22-10261-TSH

**THE BANK OF NEW YORK MELLON N.A. AS TRUSTEE FOR CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES 2006-11 F/K/A BANK OF NEW YORK,**
           Defendant.
_____

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
**April 26, 2022**

**HILLMAN, D.J.**

## Background

Altagracia Paulino ("Altagracia") and Miledy Paulino Peralta ("Miledy" and, together with Altagracia, "Plaintiffs") filed a Verified Complaint ("Complaint") against The Bank of New York Mellon as Trustee for Certificate holders of CWABS, Inc. Asset-Backed Certificates, 2006-1 f/k/a The Bank of New York ("Trust" or "Defendant") alleging claims for: a declaratory judgment that the Trust has failed to comply with the strict requirements under Mass. Gen.L. ch. 244, §14 thereby voiding the Statutory Publication of Auction (Count I); and Quiet Title under Mass. Gen.L. ch. 240, §§6-10 whereby the purported assignment of mortgage to the Defendant be voided and its claim to any right title and interest to the subject property be extinguished (Count II). Plaintiffs request monetary damages for mental anguish and distress, any other monetary damages the court deems just, reasonable attorneys' fees, expert fees and court costs,

punitive damages due to the "intentional and willful acts" by Defendant, and such further additional relief as the Court deems just.[1]

This Order addresses Plaintiffs' Motion For Preliminary Injunction (Docket No. 15), which, for the reasons set forth below, is *denied*.

### Facts

With respect to a preliminary injunction, the Court is not limited to the allegation asserted in the Complaint. Accordingly, the Court has considered additional facts proffered by the Defendant which are supported by way of exhibits and sworn affidavits.

The Defendant holds a mortgage on Plaintiffs' property located at 137 Greenwood Street, Worcester, Massachusetts (the "Property") which is comprised of two parcels, Parcel I and Parcel II. Plaintiffs, who purchased the Property on May 26, 2006, received a Quitclaim Deed which contains a description of the boundaries of Parcels I and II. To finance the acquisition, Altagracia executed a promissory note for $240,000 (the "Note") in favor of the Lender, America's Wholesale Lender ("AWL")[2]. Plaintiffs simultaneously signed a mortgage (the "Mortgage") which named AWL as Lender and the Mortgage Electronic Registration System ("MERS") as "mortgagee" with the right to act as nominee for AWL and AWL's successors and assigns.[3] On August 15, 2011, MERS, as nominee for AWL, assigned the Mortgage to the Trust; the assignment was recorded August 28, 2011. In connection with the foreclosure sale of the Property, which is scheduled for April 29, 2022, the Trust executed an affidavit which

---

[1] The Court notes that given the causes of action asserted by Plaintiffs, most of the relief they seek, including monetary damages, attorneys' fees, expert fees, and punitive damages is not available to them even should they prevail.

[2] AWL was the trade name for Countrywide Home Loans.

[3] Plaintiffs' Complaint asserts as facts numerous legal conclusions, including but not limited to, interpretations of court opinions and contractual provisions. Such legal conclusions are the purview of the Court, not the parties and therefore, have been disregarded for purposes of this decision.

indicated that at the time that it was in possession of the Note (the "Affidavit").[4]  The Affidavit was filed prior to the Notice of Sale and therefore, the Trust was in possession of the Note and Mortgage at the time it issued the Notice of Sale (the Notice of sale was first issued on September 21, 2018, reissued on January 12, 2022 and again reissued subsequent to the filing of this action).

The Mortgage contains an incorrect description of the Property. More specially, the Quitclaim Deed excepts out 330 square feet of Parcel II of the Property, whereas the description of the Property in the Mortgage excepts out 30 square feet of Parcel II. Prior to issuing the Notice(s) of Sale, Defendant made no attempt to "reform" the Property description in the Mortgage to comply with the description in Plaintiffs' Quitclaim Deed.

On March 5, 2021, Miledy filed for protection under Chapter 7 of the United States Bankruptcy Code.[5] The Trust filed a motion for relief from the automatic stay. The bankruptcy court ordered Miledy to update her filing. When she failed to do so, her petition was dismissed and on April 12, 2021, the matter was closed. Thereafter, Miledy filed an emergency motion to re-open which was granted.  Miledy and the bankruptcy trustee filed objections to the Trust's request for relief from the stay. The trustee's objection was later withdrawn and on August 20, 2021, the bankruptcy court granted the Trust's motion for relief from the automatic stay.[6]

---

[4] On July 18, 2018, the Trust recorded its Affidavit pursuant to Mass.Gen.L. ch. 244, §§35B, 35C attesting to its ownership of the Note and Mortgage and that the requirements of section 35B had been met. The foreclosure sale was originally scheduled for October 23, 2018, but was cancelled as the result of Miledy filing for bankruptcy. After the bankruptcy court granted the Trust a relief from the automatic stay in a subsequent bankruptcy filing, *see infra* notes 5 and 6, the foreclosure was scheduled for February 18, 2022, but was postponed until April 29th following Plaintiffs filing of the Complaint and motion for preliminary injunction.

[5] This is the latest bankruptcy filing instituted by the Plaintiffs. Altagracia has previously filed for bankruptcy under Chapter 13 and Chapter 7, while Miledy also has multiple bankruptcy filings. Most, if not all, of Plaintiffs' bankruptcy filings have been attempts to prevent their Property from being foreclosed on. Miledy's current bankruptcy case has been converted to a Chapter 13 proceeding.

[6] In January 2022, Miledy filed an "objection" and request for reconsideration of the bankruptcy court's allowance of the relief from the automatic stay. The Trust filed an opposition. The bankruptcy court has not acted on the "objection." On the record before this Court, Miledy's filing which appears to be an attempt to delay the

**Discussion**

In evaluating a motion for a preliminary injunction, the Court examines the likelihood the movant will succeed on the merits, that the movant is likely to suffer irreparable harm in the absence preliminary relief, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

To satisfy the first factor, *i.e.,* a likelihood of success on the merits, Plaintiffs must establish that that they are likely to prevail on their claim for declaratory judgement and/or to quiet title on the grounds that: (1) the Trust has not established that it was in possession of the Note at the time it issued the Notice of Sale; (2) the assignment of the Mortgage to the Trust by MERS was invalid; and/or (3) the Property description in the Mortgage differs from that contained in the Quitclaim Deed creating an encumbrance on the title which invalidates the foreclosure proceedings. On the record before the Court, it is clear for the reasons set forth below that Plaintiffs cannot establish a likelihood of success on the merits and therefore, their request for a preliminary injunction is denied.

foreclosure proceeding is legally unavailing—the automatic stay has been lifted. In any event, Plaintiffs have wisely chosen not to pursue any argument before this Court that the automatic stay remains in place.

Likelihood of Success on The Merits

A lengthy discussion of the merits of Plaintiffs' claims is not necessary. As to the Trust's possession of the Note, and the validity of the assignment of the Mortgage to the Trust, Counsel for Plaintiffs has creatively tried to undermine longstanding precedent by citing to cases inapplicable to the issues raised by the Plaintiffs and arguments which he has made to other courts which he feels should prevail over existing precedent but has not cited to any opinion adopting such arguments. I find that based on the applicable case law, Plaintiffs' arguments that the Trust has failed to comply with its statutory obligations under Mass.Gen.L. ch. 244 fail.[7] More specifically, I find that the Affidavit establishes that the Trust was in possession of the Note and Mortgage at the time of the Notice of Sale and Plaintiffs have failed to proffer a scintilla of evidence to the contrary. Moreover, Plaintiffs cannot establish that MERS assignment of the Mortgage to the Trust was invalid. Accordingly, Plaintiffs request for a preliminary injunction on the above referenced legal theories is denied.

That leaves the Plaintiffs remaining legal theory regarding the conflicting descriptions of the Property in the Mortgage and Quitclaim Deed. I agree with the Defendants and find that for the reasons stated in their opposition memorandum, *see Def's Opp.*, the minor discrepancy regarding the description of the Property contained in the Mortgage due to what is obviously a typographical error does not invalidate the foreclosure proceedings. In so finding I note that as

---

[7] *See Def's Opp. to Pls' Mot. For Prelim. Inj.* (Docket No. 17)("*Def's Opp.*") for a discussion of the relevant case law, as supplemented by counsel's legal argument at the hearing citing additional case law including the recent case of *Fitzhugh v. Wells Fargo Bank, N.A. as Indenture Trustee for IMPAC CMB Trust Series 2005-3,* Civ.Act. No. 22-10217-PBS, -- F.Supp.*3d--.* 2022 WL910926 (D.Mass. Mar. 29, 2022) in which another judge of this Court rejected similar arguments made by Plaintiffs' counsel.

laid out in detail by the Defendant, the Mortgage includes a correct book and page reference to a prior recorded deed of the Property which includes an accurate description of the same.

### The Remaining PI Factors

I find that the Plaintiffs have failed to establish a likelihood of success on the merits, which essentially ends the inquiry. However, for the record, I also find that while the Plaintiffs have established irreparable harm should the foreclosure go forward, they have not established that the equities are in their favor[8] or that public policy favors the issuance of a preliminary injunction in this case. For the reasons set forth above, Plaintiffs' motion is denied.

### **Conclusion**

Plaintiffs' Motion For Preliminary Injunction (Docket No. 15) is ***denied.***

Should the Plaintiffs file a notice of appeal of this ruling, the Court declines to issue a stay of the foreclosure proceedings pending such appeal.

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[8] I will note that where a mortgagor has failed to make any payments on the loan for a lengthy period, there are courts that have held that the mortgagor had "unclean hands" and is barred from seeking equitable relief from the Court in the form of a preliminary injunction. *See Durmic v. J.P. Morgan Chase Bank, N.A.*, Civ.Act. No. 10-10380-RGS, 2010 WL 4825632, at *7 (D.Mass. Nov. 24, 2010).