UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Altagracia Paulino,<br>Miledy Paulino Peralta,<br><br>    Plaintiff,<br><br>    v.<br><br>The Bank of New York Mellon N.A.,<br><br>    Defendant. | <u>Civil Action No.</u><br>22-10261-MRG |

**<u>MEMORANDUM & ORDER</u>**
**<u>ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 26]</u>**

**GUZMAN, D.J.**

    Plaintiffs Altagracia Paulino ("Altagracia") and Miledy Paulino Peralta ("Miledy" and, collectively, "Plaintiffs") filed a Verified Complaint [ECF No. 1-1] which, in the main, challenges the Defendant's[1] legal right to foreclose on Plaintiffs' home in Worcester, Massachusetts. The Defendant has moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). [ECF No. 26]. For the following reasons, this Court **<u>GRANTS</u>** the Defendant's motion.

---

[1] Bank of New York Mellon N.A. as Trustee for Certificate holders of CWABS, Inc. Asset-Backed Certificates, 2006-1 f/k/a The Bank of New York (the "Trust" or "Defendant").

1

## I. BACKGROUND[2]

### A. The Property

Plaintiffs obtained title to the real property located at 137 Greenwood Street, Worcester, Massachusetts (the "Property") by means of a quitclaim deed, dated May 26, 2006. The Property is comprised of two parcels, "Parcel I" and "Parcel II." The quitclaim deed was recorded the same day that title passed with the Worcester County Registry of Deeds (the "Registry"), in Book 39052, Page 294. [See e.g., ECF No. 1-1, Ex. A]. The quitclaim deed contains a description of Parcel I and Parcel II. [Id.]

### B. The Note and the Mortgage

The same day that Plaintiffs took title, Altagracia executed a promissory note for $240,000 (the "Note") in favor of America's Wholesale Lender. Plaintiffs then jointly executed a mortgage (the "Mortgage") to finance their obligations under the Note, which named "America's Wholesale Lender" as the "Lender." [ECF No. 1-1, Ex. C]. In addition, the Mortgage provides that Mortgage Electronic Registration Systems, Inc. ("MERS") is "acting solely as a nominee for Lender and Lender's successors and assigns" and that "MERS is the mortgagee under this Security Instrument . . ." [Id.] The mortgage binding the Property, comprised of two parcels, was recorded with the Registry in Book 39052, Page 296.

On August 15, 2011, MERS, acting as the nominee for America's Wholesale Lender, assigned the Mortgage to the Defendant. [ECF No. 28, Ex. C]. In pursuit of a foreclosure sale of the Property, and prior to the Notice of Sale, the Trust executed an affidavit confirming that it was in possession of the Note and the Mortgage. The Trust timely recorded its affidavit in accordance with state law. [ECF No. 21, p.3, n.4].

---

[2] On April 26, 2022, a different session of this Court issued a memorandum and order denying Plaintiffs' preliminary injunction motion. [ECF No. 21]. This session incorporates that memorandum and order's "Facts" section by reference. [Id., pp. 2-3].

Further, the Mortgage contains an incorrect description of the Property. Where the quitclaim deed describes Parcel II of the Property to be "approximately *330* square feet," the Mortgage describes the same Parcel as "approximately *30* square feet." [ECF No. 1-1, pp. 3-4, 17, 61]. The Trust made no attempt to correct the error prior to instituting foreclosure proceedings.

### C. Plaintiffs' Bankruptcy Proceedings and Attempted Foreclosures

Plaintiffs have not paid their mortgage in thirteen years. [ECF No. 27, p. 3]. As a previous session of this Court observed in April of 2022, the Plaintiffs have filed for bankruptcy multiple times, and "[m]ost, if not all, of Plaintiffs' bankruptcy filings have been attempts to prevent their Property from being foreclosed on." [ECF No. 21, p. 3 n. 5].

Plaintiffs filed the present action in state court to prevent the foreclosure proceedings on the Property. [ECF No. 1-1, pp. 2-14]. Defendant timely removed the case to this Court on diversity grounds on February 17, 2022. [ECF No. 1]. The complaint seeks a declaratory judgment that the Defendant has failed to comply with M.G.L. ch. 244, § 14 such that the statutory publication of auction is void ("Count I"), and also seeks to quiet title to the Property under M.G.L. ch. 240, §§ 6-10 ("Count II").

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court reviews 12(c) motions under a standard that is essentially the same as that for a Rule 12(b)(6) motion to dismiss, except that a "12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). Therefore, the reviewing court must view "the facts contained in the pleadings in the light most favorable to the party opposing the motion . . .and draw all reasonable inferences in [that party's] favor." Curran v. Cousins, 509 F.3d 36, 43

(1st Cir. 2007). Dismissal is only appropriate at this stage if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Relatedly, in reviewing a 12(c) motion, the court must "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Báez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citation omitted).A court may make a judgment on the pleadings if the complaint fails to show a plausible right to relief. See Villeneuve v. Avon Prods., Inc., 919 F.3d 40, 49 (1st Cir. 2019).

**B. Application**

    **1. Plaintiffs lack standing to challenge the Trust's authority to foreclose on the Property.**

        **i. Assignment of the Mortgage**

Plaintiffs argue in their Complaint that the Trust has failed to comply with M.G.L. ch. 244, § 14 and therefore cannot move forward with the foreclosure because it allegedly possesses neither a valid assignment of the Mortgage nor the Plaintiffs' note. [ECF No. 1-1, ¶¶ 80-81, 99]. In response, the Trust argues that it holds a valid assignment of the Mortgage, is the current holder of the Note, and thus has authority to foreclose. [ECF No. 27, pp. 6-11].

Plaintiffs are correct that, as a general principle under Massachusetts law, a foreclosing mortgagee (like the Trust) must be able to show, "an unbroken chain of assignments in order to foreclose a mortgage, and . . . that it holds the note (or acts as authorized agent for the note holder) at the time it commences

foreclosure . . ." Giannasca v. Deutsche Bank Nat'l Trust Co., 130 N.E.3d 1256, 1259 (Mass. App Ct. 2019) (citations omitted). However, "nothing in Massachusetts law requires a foreclosing mortgagee to demonstrate that prior holders of the record legal interest in the mortgage also held the note at the time each assigned its interest in the mortgage to the next holder in the chain." Id. (citation omitted). Mortgagors, for their part, *do* have standing to challenge a given mortgage assignment that was "invalid, ineffective, or void." See e.g., Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013). However, mortgagors *do not* have standing "to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Id. (citations omitted).

When determining whether a mortgagor has standing to challenge a given assignment, a reviewing court does not credit a mortgagor's conclusory allegations regarding whether an assignment is "void," but instead reviews the texts of the assignments themselves in light of Massachusetts law to determine whether the complaint-at-issue sets forth allegations that the assignment is void or merely voidable. Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 10 (1st Cir. 2014) (explaining that the Court would not take the plaintiff-mortgagor's "conclusory characterization of their allegations as being about a 'void' assignment as gospel.")

Massachusetts statutory law provides the requirements for a mortgage assignment to be valid:

> Notwithstanding any law to the contrary . . . [an] assignment of mortgage . . . executed before a notary public . . . by a person purporting to hold the position of president, vice president, . . . or other officer . . . of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity . . . shall be binding upon such entity . . . M.G.L. ch. 183, § 54B.

Here, the Court's review of the one assignment-at-issue [ECF No. 28, Ex. C] reveals that the statutory requirements were clearly met. Specifically, the assignment-at-issue was executed before a notary public by someone with the appropriate title of the entity holding the Mortgage on Registry records.

[See ECF No. 28, Ex. C]. Accordingly, it is facially valid and was sufficient to convey the Mortgage from MERS to the Trust under M.G.L. ch. 183, § 54B. See e.g., Bank of New York v. Wain, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014) (reviewing an assignment – where MERS had been the record holder of the mortgage when the mortgage had been assigned to the bank and, after finding that it complied with Massachusetts' statutory requirements – and concluding that, "with the assignment here comporting with the requirements of the governing statute, it was otherwise effective to pass legal title and cannot be shown to be void.") (internal quotation marks omitted).

For their part, Plaintiffs offer nothing beyond the sort of "conclusory characterization[s]" regarding the assignment-at-issue that Wilson teaches cannot be credited in the context of this analysis. [E.g., ECF No. 1-1, ¶ 99 (Plaintiffs alleging that "[t]he assignment that Defendant relies upon is void.")][3] Accordingly, this Court finds that the Plaintiffs lack standing to challenge the assignment-at-issue.

  ii. **Possession of the Note**

Plaintiffs also argue that the Trust lacked the authority to foreclose because it has not proven that it had physical possession of the Note – either at the time of publication of the notice of sale or at the time of the Notice of sale. [ECF No. 1-1, ¶ 80-81]. However, the Supreme Judicial Court has concluded that physical possession of a note is not required of a foreclosing mortgagee. Eaton v. Fannie Mae, 969 N.E.2d 1118, 1131 (Mass. 2012). More fundamentally, at this early stage, it is Plaintiffs' burden, *not the Trust's*, to "allege sufficient facts to plausibly state a claim that Defendant does not own their mortgage." Searle

---

[3] Regarding the issue of the minor typographical error in the Mortgage, this Court concurs with Judge Hillman who previously concluded that it "does not invalidate the foreclosure proceedings," especially in light of the fact that the "Mortgage includes a correct book and page reference to a prior recorded deed of the Property which includes an accurate description of the same." [ECF No. 21, p. 6]. Moreover, this typographical error is harmless since the Deed's property description is less inclusive than the property description in the Mortgage. See e.g., Zarba v. Chvatal, No. 17 MISC 000139, 2019 Mass. LCR LEXIS 245, at *29 (Mass. Land Ct. Dec. 26, 2019) (explaining that a grantor cannot convey more land than they themselves possess).

v. Nationstar Mortg., LLC, 618 F. Supp. 3d 2, 11-12 (D. Mass. 2022) (motion to dismiss stage) (citation omitted).  Further, the Trust has actually filed an affidavit with the Registry, dated July 30, 2021, attesting to the fact that the Trust *is* the holder of the Notes. [ECF No. 28, Ex. D, p. 2 (stating that the Trust "is the holder of the Note secured by the mortgage.")].  As another court in this District has observed, "[s]uch an affidavit is considered proof that the entity seeking to foreclose has authority to do so and its sufficiency cannot be challenged by unsupported conclusory allegations." See Jacquelyn v. Fitzhugh, No. 22-10217-PBS, 2022 U.S. Dist. LEXIS 241474, *10-11 (D. Mass. Dec. 8, 2022) (appeal filed) (citation omitted). Moreover, in situations like this one where an affidavit clearly contradicts Plaintiffs' conclusory allegations, "the document trumps the allegation." Lowenstern v. Residential Credit Sols., No. 11-11760-MLW, 2013 U.S. Dist. LEXIS 25535, at *3 (D. Mass. Feb. 24, 2013) (citations omitted).

Since Plaintiffs have not alleged sufficient facts to plausibly state a claim that the Trust does not own their mortgage and because they have offered nothing beyond conclusory allegations in the face of the valid proof submitted the Trust, this Court finds that Plaintiffs lack standing to challenge the Trust's legal authority to foreclose.  Accordingly, judgment on the pleadings is **GRANTED** as to Count I.

**2. Plaintiffs also lack standing to Proceed with their Quiet Title Claim**

With Count II, Plaintiffs seek to quiet title to the Property.  As a matter of Massachusetts law, a "plaintiff seeking to quiet title in Massachusetts must show both a right to possession and legal title to the property." Flores v. OneWest Bank, F.S.B., 172 F. Supp. 3d 391, 396 (D. Mass. 2016). In Massachusetts, a "mortgage splits the title [to a property] in two parts: the legal title, which becomes the mortgagee's and secures the underlying debt, and the equitable title, which the mortgagor retains."
Lemelson v. United States Bank Nat'l Ass'n, 721 F.3d 18, 23 (1st Cir. 2013) (citation omitted).  Therefore, as other courts have explained, "a quiet title action is not an avenue open to a mortgagor whose debt is in

7

arrears because, until the mortgage is discharged, the title necessarily remains under a cloud." Oum v. Wells Fargo, 842 F. Supp. 2d 407, 412 (D. Mass. Feb. 8, 2012).

Plaintiffs attempt to meet the "legal title" element by maintaining that the allegedly failed assignment failed to "transfer of any legally valid interest in Plaintiffs' title to the named Defendant herein." [ECF No. 1-1, ¶ 107]. However, for the reasons discussed above, the assignment-at-issue was presumptively valid and Plaintiffs have not plausibly pled that they are void. Moreover, the complaint's allegations indicate that the Mortgage remains an encumbrance on the Property. Accordingly, "[b]ecause a mortgagor and mortgagee hold complementary claims of title, the law fashions a relationship that is in equipoise, which stands until either the mortgagor satisfies the debt or the mortgagee forecloses." Abate v. Fremont Investment & Loan, 26 N.E.3d 695, 708 (Mass. 2015). For this reason, Plaintiffs and the Trust hold complementary claims of title until a foreclosure sale occurs. Id. at 707 (explaining that, "where a mortgagor challenges the right of the mortgagee to foreclose, the 'adverse claim' element of a try title action *is sufficiently alleged only if* the foreclosure has already occurred.") (emphasis added).

Thus, the Plaintiffs have not sufficiently plead that they hold legal title to the Property and therefore have necessary failed to state a valid quiet title claim. Accordingly, judgment on the pleadings is **GRANTED** as to Count II.

### III.   CONCLUSION

For the foregoing reasons, the Trust's motion for judgment on the pleadings [ECF No. 26] is **GRANTED**.

IT IS SO ORDERED.

Dated: **March 31, 2024**

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge