FILED IN CLERKS OFFICE
NOV 4 '24 PM 3:52 USDC MO

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 4:22-cv-10261-MRG**

| | |
|---|---|
| **ALTAGRACIA PAULINO** | ) |
| **MILEDY PAULINO PERALTA,** | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF NEW YORK MELLON N.A., F/K/A** | ) |
| **THE BANK OF NEW YORK, AS TRUSTEE** | ) |
| **FOR THE CERTIFICATEHOLDERS OF THE** | ) |
| **CWABS, INC., ASSET-BACKED** | ) |
| **CERTIFICATES, SERIES 2006-11,** | ) |
| *Defendant.* | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT FOR DISMISSAL: NO FEDERAL JURISDICTION FOR A DECISION UPON THE MERITS

NOW COMES Plaintiffs Altagracia Paulino and Miledy Paulino Peralta ("the Paulinos") and files this memorandum in support of her Motion to Vacate Judgment for Dismissal because without Bank Of New York Mellon N.A., F/K/A The Bank Of New York, As Trustee For The Certificateholders Of The CWABS, Inc., Asset-Backed Certificates, Series 2006-11 ("BONY Trust") having a right to Diversity Jurisdiction of the Federal Court, the Court, respectfully, lacked jurisdiction to enter a final decision. Nor would such a decision be binding in areas of real property law if it conflicts with the decisions of the final interpreter of Mass. law in this province of state law which is solely the Massachusetts Supreme Judicial Court.

1

In BONY Trust's civil cover sheet for its removal to federal court, it marks diversity as its "basis of jurisdiction". The cover sheet of 3/2/20 identifies solely the diversity statute 28 U.S.c. 1332.

> "Nor do they present any possible basis for federal jurisdiction other than diversity jurisdiction under 28 U.S.C. § 1332, which BRT accordingly sought to invoke." BRT Management LLC v. Malden Storage LLC, et al. 68 F.4th 691 (1st Cir. 2023)

Thus, where BONY Trust had the burden to prove up Diversity jurisdiction and failed to even address the recently affirmed legal requirements, the sole basis of jurisdiction for the Federal Court did not exist and no judgment on the merits entered.

## ARGUMENT

> "This lawsuit serves as a reminder that subject matter jurisdiction cannot be taken for granted and that special attention need be paid when attempting to invoke diversity jurisdiction if a party is not a natural person or a corporation." *BRT Management LLC v. Malden Storage LLC, No. 22-1389 (1st Cir. 2023)* p.3

Moreover, federal courts are of limited jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). A strong presumption against federal-court jurisdiction requires clear evidence to the contrary. *Boghozian v. Jaguar Land Rover N. Am., LLC*, Case No. CV 19-2729- JFW(PLAx), 2019 WL 1925491, at *1 (C.D. Cal. Apr. 29, 2019)

The purported Securitized Trust here has failed to even somewhat supply the information required to meet the standards for "diversity jurisdiction" in federal court under 28 U.S.c. §1332. There are two prerequisites necessary to exercise diversity jurisdiction under the code. First, the "amount in controversy" must exceed $75,000. Second, all plaintiffs must be of a different citizenship than all defendants.

2

**Diversity of Citizenship Standard**

Starting with the second criteria first: the different citizenship standard. As laid out in *Boghozian v. Jaguar Land Rover, N.M., LLC,* case number CV19-27-29JFW (C.D. Cal. 2019), the standard laid out there still applies to this day for what must be established to show a "different [state] citizenship".

First, the removing Defendant has to "establish its entity type". Here, the securitization industry first passed the IRS code section for Real Estate Mortgage Investment Conduits ("REMIC") in 1986. It has incredibly strict requirements necessary to meet the unique tax haven provided by that statute. The first major generation of such REMIC trusts wrote founding documents (named Pooling and Servicing Agreements, "PSA") in the 200-300 page length to meet these incredibly carefully crafted strictures.

To meet the investment requirements, all of these purported securitized trusts, or REMIC trusts, registered on the Securities and Exchange Commission's website their purported pooling and servicing agreements/founding documents[1].

In federal law, as well as state law, the existence of an executed founding document is necessary to have a legally recognizable existence as a nonhuman entity. See MRCP Rule 9(a) & FRCP Rule 9(a).[2]

---

[1] "In order for the RMBS transaction to meet all three criteria a trust must be created. The trust creation document is usually referred to as a Pooling and Servicing Agreement or PSA. The PSA is the document that both creates the trust and governs all trust activities. Securitization failure or REMIC failure occurs when the loans intended for the trust fail to be vested within the trust in accordance with the rules set forth in the trust document." Wallshein, Charles, "New York Trust Law 7-2.4, Securitization Failure, Why Late Loan Transfers to REMICs Are Void, Part One," NY Business Law Journal, Vol. 17, No. 2, Winter 2013, pgs 47-53.

[2] it must both legally exist and have an interest to have "capacity" as defined under the

The BONY Trust never produced such evidence.

The only publicly registered evidence, that at the Securities and Exchange Commission, shows that it does not have such an executed founding document. See attached.

How complete the signature blocks and notary jurats have to be on a Securitized Trusts' founding document ("PSA") is the standard provided in *U.S. Bank Trust v. Ibanez*, 458 Mass. 637 (2011). That is the final interpretation by our top state court, our Supreme Judicial Court as to state law, specifically the requirements to own a mortgage deed, that is, an 'interest in land' (see MGL Chap. 203 §1, first enacted in 1692.) The Registered PSA does not approach as complete an execution as the purported *LaRace* securitized Trust in the combined *Ibanez* case – the more executed of the two.

Even were the BONY Trust to have such an executed document and actually exist, the purported Trust cannot meet the second prong of the "different citizenship" test, which is to "clearly identify its members". Its Pooling and Servicing Agreement, here, identifies the following "parties" to the trust: CWABS, Inc., Depositor; Countrywide Home Loans, Inc., Seller; Park Monaco, Inc., Seller; Park Sienna LLC, Seller; Countrywide Home Loans Servicing LP, Master Servicer; The Bank of New York, Trustee; and The Bank Of New York Trust Company, N.A., Co-Trustee.

Where clearly the BONY Trust, if it legally existed, is not a corporation, proof of diversity of jurisdiction requires that the legal entities composing anything but a

---

rule. FRCP RULE 9(a): (a) Capacity or Authority to Sue; Legal Existence.
    (A) a party's capacity to sue or be sued;
    (B) a party's authority to sue or be sued in a representative capacity; or
    (C) the legal existence of an organized association of persons that is made a party.

corporate entity[3] must each, themselves, identify their state citizenship, and, for

instance, an LP like an LLC must identify all of its members' states of citizenship.

> "Like the district court, we pointed out that "[a] limited liability company is deemed
> to be a citizen of every state of which any of its members is a citizen."" *BRT* p.7

> Nor can the BONY Trust simply posit that none of it parties or beneficiaries

have the nexis of their activity in nor claim Massachusetts as home.

> "a party "cannot establish jurisdiction in the negative." See D.B. Zwirn, 661 F.3d
> at 125– 26." *BRT* p.9

> "Under the federal statute, as relevant here, diversity must be complete; that is,
> no plaintiff may be a citizen of the same state as any defendant. See Strawbridge
> v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Halleran v. Hoffman, 966 F.2d 45, 47
> (1st Cir. 1992). "The burden of establishing federal diversity jurisdiction rests on
> … the party invoking federal jurisdiction." Carrozza v. CVS Pharm., Inc., 992 F.3d
> 44, 51 (1st Cir. 2021)." *BRT* p.10

> Where the evidence available in the public record is that the purported BONY

Trust has no executed founding document and is, in essence, "an unincorporated

entity" – BONY Trust had no right to present a fait accompli.[4]

> "These allegations were plainly insufficient because, as a matter of black letter
> law, "[t]he citizenship of an unincorporated entity … is determined by the
> citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v.
> San Juan Bay Marina, Inc., 435 F.3d 51, 54–55 (1st Cir. 2006) (applying this rule
> to an LLC); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrota, 661
> F.3d 124, 125 (1st Cir. 2011) (per curiam). But neither plaintiff … had yet provided
> any information about their members' citizenship…. required them to file
> affidavits of jurisdictional facts "sufficient to show their citizenship," including the
> members of any entities that were themselves unincorporated associations." *BRT*
> p.4

---

[3] For corporations, their citizenship is "The phrase "principal place of business" in
§1332(c)(1) refers to the place where a corporation's high level officers direct, control,
and coordinate the corporation's activities, i.e., its "nerve center," which will typically be
found at its corporate headquarters ". Hertz Corp. v. Friend, 559 U.S. 77 (2010)
[4] "the Supreme Court has explained that the relevant citizenship for diversity purposes is
generally the citizenship of the entity's members. There is a "limited exception for
corporations"; …. Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381
(2016); 28 U.S.C. § 1332(c)." *BRT* p.11

Nor is the BONY Trust saved because Peralta did not know to challenge their

non-existence and raise it as a jurisdictional issue because, as oft quoted:

> ""Subject matter jurisdiction cannot be conferred by consent, conduct or waiver."
> Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622
> (1981)" Here quoted in Rental Property Management Services v. Hatcher, 479
> Mass. 542, 547 (2018)

The inability to consent and that jurisdiction cannot be waived is true in

federal court as well:

> "No party can waive the defect or consent to jurisdiction."); Am. Fiber & Finishing,
> Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139 (1st Cir. 2004) ("[P]arties
> cannot confer subject matter jurisdiction on a federal court 'by indolence,
> oversight, acquiescence, or consent.'" (quoting United States v. Horn, 29 F.3d
> 754, 768 (1st Cir. 1994)))." BRT p.12

Nor did BONY Trust provide evidence of the legal type of entities claiming to

compose it but where some are not corporations, their creation papers had to have

been submitted (but were not) and where they reference other non-corporations:

> "If the members are themselves unincorporated associations, then those
> members' citizenships are relevant too; the process is "iterative," and a party
> must "trace the citizenship of any member that is an unincorporated association
> through however many layers of members or partners there may be." D.B. Zwirn,
> 661 F.3d at 126–27; See also West v. Louisville Gas & Elec. Co., 951 F.3d 827,
> 830 (7th Cir. 2020) (noting that jurisdictional statement ultimately revealed 17
> layers of ownership of LLC defendant, which court examined to ensure that
> "every branch of the chain led to a corporation that is neither incorporated in
> Indiana nor has a principal place of business there")." BRT p.12

Were the purported BONY Trust to exist, it is almost guaranteed they will fail diversity

jurisdiction; such a purported Trust must provide the above "multiple layers" which are

necessary since in that situation, they have all their beneficiaries – which will be many.

(The Commonwealth of Massachusetts pension funds have invested in these

Securitized Trusts as 6% of the state's investments at one time). As held above,

caselaw shows in some cases, the layers that had to be drilled down on were up to 17 layers. There can be no presumption of diversity of jurisdiction.

Therefore, as the *BRT* decision found like here, the removing 'party' had no right and did not even take the necessary steps to show such as right to this Court's diversity jurisdiction.

> "Defendants have not provided this information, thus precluding us from even trying to determine how to treat their trusts. Nor have defendants provided information about the trusts' beneficiaries or members (however defined) that might moot any need to determine whether it is necessary to look beyond the citizenship of the trust or its trustees. See, e.g., Zoroastrian Ctr. & Darb-e-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 749–50 (4th Cir. 2016) (avoiding the need to determine whether the trustees or beneficiaries need be considered by showing that all of the trustees and beneficiaries were citizens of states other than those of which the opposing parties were citizens)." *BRT* p.15.

As a purported trust, it appears that the beneficiaries would have to disclose their state citizenship. Where diversity has to be complete, if any of these deeper layers of citizenship evidence demonstrates even one "person" whose citizenship is Massachusetts, the federal court's jurisdiction would be inapposite. Even if they establish the trust's existence, well documented as lacking in the public record,[5] provides them with no salve to their problem of having to prove the right to diversity jurisdiction.

**Failure to have an Interest of Even $75,000**

Further, should the Defendant purported Trust produce all such documents and be able to prove that it has an executed founding document, it also failed the first prong of the "diversity jurisdiction" test; the "amount in controversy" must exceed $75,000.

---

[5] Nor is purported defendant trust rescued by the decision in *Hertz Corp v. Friend,* 559 US 77 (2010), as it is not a corporation under any scheme. Therefore, the U.S. Supreme Courts clarification in that standard for corporations does not apply.

While the land or property in question is certainly worth more than 75,000, Defendant must show it has an interest in the controversy over that title. Under Massachusetts real property law where a mortgage must be a deed, the public record demonstrates, it does not.

Because Massachusetts is a title theory state, Defendant has not met the statutory requirements to show that it owns Plaintiff's mortgage. The Registry Records demonstrate it does not.

In the landmark *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 649 (2011), the SJC specifically addressed the minimum requirements that must be met when an entity claims to be "securitized trust" and seeks to utilize the statutory foreclosure by sale remedy provided under MGL Chapter 244, §14. The Court noted:

> "Like a sale of land itself, **the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor**. See G. L. c. 183, § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175,177 (1917). In a "title theory state" like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt. See Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1 , 6 (2010). ..... Where, as here, mortgage loans are pooled together in a trust and converted into mortgage-backed securities, the underlying promissory notes serve as financial instruments generating a potential income stream for investors, but **the mortgages securing these notes are still legal title to someone's home or farm and must be treated as such**." *Ibanez* [emphasis added].

As then further explained by the SJC shortly thereafter:

> "In Massachusetts, a "mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains." Maglione v. BancBoston Mtge. Corp., 29 Mass. App. Ct. 88, 90 (1990)." *Bevilacqua v. Rodriguez*, 460 Mass. 762, 774 (2011)

In fact, Massachusetts statutes specifically define a mortgage as a deed:

> "Chapter 183 Section 18, "Mortgage deeds": A deed in substance following the form entitled "Mortgage Deed" shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and his heirs and assigns

8

with mortgage covenants and upon the statutory condition and with the statutory power of sale, as defined in the three following sections, to secure the payment of the money or the performance of any obligation therein specified.…"

Further, Massachusetts law as to trusts, (if this defendant proves that it is a trust) has existed since 1692 year, immutable and unchanged; it is an expression of the Statute of Frauds also enacted in the colonial laws in 1692. Therefore, it is completely binding as to private contracts. See MGL Chap. 203 Section 1: "Trusts in realty; necessity of writing

Section 1. No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney."

To meet its obligation to prove the capacity to own legal title to Plaintiff's property (be a trust "concerning land") the claim to a founding document cannot be presumed and is insufficient without production of the executed founding document for said purported trust that has been "signed by the party[ies]" identified as the founders of the trust. Therefore, without production of that document, if it were otherwise able to remove the case, the BONY Trust cannot demonstrate to have ever acquired an interest in this "land". It has no interest great enough to potentially take it over the $75,000 hreshold. Again, a mortgage is a warranty deed (MGL Chapter 183, §19 – see further in memorandum as to "assignments") in Massachusetts as a title theory state. See above.

This is because Massachusetts law requires proof of a Trust's executed founding document in the relevant Registry of Deeds. This is consistent, no doubt, with the purpose of our Registries of Deeds. See as law enacted in 1640:

"For avoiding all fraudulent conveyances, and that every man may know what estate or interest other men may have in any houses, lands, or other hereditaments they are to deal in, it is therefore ordered, that after the end of this month no mortgage, bargain, sale, or grant hereafter to be made of any houses, lands, rents, or other hereditaments, shall be of force against any other person

9

except the grantor and his heirs, unless the same be shall be recorded . . ."[6]

The purported Registry of Deeds filing is legally without force as to the true title owner of the property, even as to the bifurcated title created through a mortgage deed creating a separate legal title interest, because a necessary precursor is an executed trust document. In these cases, our Registries require evidence of such an executed trust document to be recorded in the Registry for an interest in property to be acquired. See MGL Chap. 203 §2 incorporating MGL Chap. 184 §35[7].

A review of the relevant Registry's records demonstrate no existing Trustee certificate already recorded when this purported assignment was recorded nor simultaneous therewith and referenced (in fact, none has ever been, although after-the-fact recordation would not be sufficient – see *Ibanez* again that backdating is ineffective for a conveyance of interest in land).

Therefore, for an additional reason, this purported trust, if it could meet its "different citizenship" standard, again, could not be a party to controversy as to this piece of property, since it has provided nothing that was in recordable form.

An attempted conveyancing instrument that is recorded that is not, in fact,

---

[6] Mass. Colonial Records 306 (1640), (spelling modernized), quoted in Nexon, Philip J., The Beginnings of Property Law in Massachusetts, 2010 ed. at Sec. 1.4.1.
[7] MGL Chapter 184 §35: "Section 35: Trustee's certificate; requirements; effect Section 35...., a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court, for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder and which certifies as to: (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or (c) the existence or nonexistence of a fact which constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate. The certificate most recently recorded in the registry of deeds for the county or district in which the real estate lies shall control.

recordable, is to be treated by our courts as a legal fiction.  See *In re Mbazira, U.S. Bankr. Ct.*, No. 13-16586-WCH (D. Mass. Mar. 31, 2015):

> "[I]f a [mortgage] is improvidently recorded due to a defective acknowledgement, the court must honor [G. L. c. 183, § 29,] by adopting a fiction that the [mortgage] is unrecorded and outside the chain of title").

**Massachusetts Supreme Judicial Court Finally Interprets Real Massachusetts Property Law and no Federal Decision can Form *res judicata* in Conflict with SJC's Holdings**

Our federal Constitution explicitly reserves to the states control over any area of law not necessary to the functioning of the federation of states. Real property is such a recognized province of state law.

> "In Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), the United States Supreme Court stated:
> "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.' ... The justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests, including the interest of a mortgagee in rents earned by mortgaged property." Restatement of Property (3rd): Mortgages.

Land Law is, in fact, different for each of the 50 states. As a province of state law, the final interpreter is not any federal court, but is the Massachusetts Supreme Judicial Court.

> "The state-court reading of Massachusetts law binds a federal court sitting in diversity. N. Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 38 (1st Cir. 2001)." Thompson v. JP Morgan Chase, 1st Circuit

> "In this diversity case, we look to state law (here, the law of Massachusetts) for the substantive rules of decision. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78,  58 S.Ct. 817, 82 L.Ed. 1188 (1938); Fithian v. Reed, 204 F.3d 306, 308 (1st Cir. 2000). In such matters, we are bound by the teachings of the state's highest court. Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1151 (1st Cir. 1996).

11

See above, as to property title law being a province of state law and that the SJC is the final interpreter and not bound by federal court decisions (except the U.S. Supreme Court).

> ""Though we always treat their decisions with deference, we are not bound by decisions of Federal courts except the decisions of the United States Supreme Court on questions of Federal law." Commonwealth v. Montanez, 388 Mass. 603, 604 (1983)." Sarvis v. Boston Safe Deposit & Trust 47 Mass. App. Ct. 86, 95 (1999)

> ""[a] federal court sitting in diversity cannot be expected to create new doctrines expanding state law." *Gill v. Gulfstream Park Racing Ass'n, Inc.,* 399 F.3d 391, 402 (1st Cir.2005)." *Sovereign Bank v. Sturgis*, 863 F. Supp. 2d 75, 82 (D. Mass. 2012)

## CONCLUSION

Therefore, BONY Trust failed to provide even initial evidence which was its burden to prove up as to the state citizenship of every entity at every layer – either a fully-executed PSA and then beneficiaries and each component entity or as a completely unexecuted entity. Having not demonstrated complete diversity of jurisdiction and where jurisprudence does not allow it to be presumed, this Honorable Federal court never had established jurisdiction if it ever could have been.

This Dismissal on the merits cannot under our jurisprudence have entered without first establishment of diversity jurisdiction – otherwise, the case should be returned to state court for adjudication there.

Respectfully submitted,

Respectfully  submitted  as ProSe

Altagracia Paulino

Miledy Paulino Peralta

137 Greenwood St,
Worcester, MA 01607
Email: allhope12@gmail.com

Date: 11/01/2024

13

## CERTIFICATE OF SERVICE

We, as ProSe, hereby certify that the above document electronically filed with this Court through the CM/ECF system will be sent electronically via the CM/ECF system to the registered participants as identified on the Notice of Electronic Filing to ( Bank of New York Mellon,N.A.- Hinshaw & Culbertson,- Firm - Donald W. Seeley, Jr.

Bank of New York Mellon N.A.
To its Attorney
Isl Dona.kl W. Seeley Jr.
dseeley@hinshawlaw.com

As ProSe Respectfully:

Altagracia Paulino

Miledy Paulino Peralta

137 Greenwood Street
Worcester, MA 01607
Email: allhope12@gmail.com

November 01/2024

14